AMBRO, Circuit Judge,
dissenting
As I read the Majority’s opinion, it considers plaintiffs’ two claims brought under the Fair Labor Standards Act (“FLSA”) (a pay-differentials claim and a meal-break claim) as independent from the applicable collective bargaining agreement (“CBA”). Because I believe both of those claims rest on terms covered by the CBA, and because I believe our holding in Vadino v. A Valey Engineers, 903 F.2d 258 (3d Cir. 1990), controls, they should first be arbitrated as the parties had agreed.
Vadino involved a union member challenging his pay rate and overtime compensation under the FLSA. The relevant CBA between the union and Vadino’s employer set out various pay grades given the worker’s title and job qualifications. Using that pay scale, Vadino argued that he was entitled to receive a higher wage and thus should have received overtime commensurate with it. The CBA also provided for a grievance process that culminated in arbitration.
Although Vadino’s claim for overtime implicated the FLSA, we held that when a dispute arises “as ,to the correct wage rate under a [CBA] ” that also involves a “claim under the overtime provision of the FLSA, the procedure we envision is to decide the contract interpretation issue through the grievance procedure to arbitration.” Id. at 266. “Concurrent with that, the employee may bring a FLSA claim, but the FLSA overtime claim would be dependent upon the resolution ... of the contract interpretation issue.” Id. That holding applies to the case before us.
First, a central dispute between the parties involves the “correct wage rate” under the CBA: the pay differentials. Plaintiffs assert that the periodic increase in their weekly wages from the pay differentials was not reflected in their regular rate of pay for the purposes of calculating overtime. Silver Care, however, contends that overtime for those pay differentials was reflected in the pay differentials themselves (for example, under the implied terms of the CBA plaintiffs were not given the $3 per hour increase they received but *518 rather a $2 per hour increase, and the extra dollar they received in wages was built-in overtime payment). The parties clearly disagree as to what comprised those pay differentials and what was the correct pay-differential wage. I part ways with my colleagues that this dispute is “completely irrelevant to a court’s analysis of the proper overtime payment owed to the plaintiffs.” If anything, what overtime is owed to plaintiffs depends on interpreting what the parties agreed regarding the breakdown of the pay differentials and what component of them is considered compensable wages for calculating overtime. Under Vadino, that interpretation first should be made by an arbitrator per the arbitration provision in the CBA. Because these claims involve disputed interpretations of the CBA, this ease is not like Bell v. Southeastern Pennsylvania Transportation Authority, 733 F.3d 490 (3d Cir. 2013), in which we held that FLSA claims need not be arbitrated so long as they are completely independent of any interpretation of the applicable CBA.
Second, plaintiffs’ claim that they should be compensated for work performed during unpaid meal breaks also falls within the CBA. The FLSA makes no mention of meal breaks. Instead, the right to uninterrupted meal breaks is created by the CBA, providing that “meal periods and breaks shall be free and uninterrupted, and employees shall not be on call. However, in emergencies,, employees are expected to respond.” Plaintiffs argue that the unpaid, uninterrupted breaks to which they were entitled in the CBA were in fact interrupted and they should be compensated for the work performed during that time. But their FLSA claim for compensation depends entirely on a breach-of-contract claim. If Silver Care did not violate the terms of the CBA by interrupting their guaranteed unpaid breaks, there would be no cause of action for relief. Thus the alleged breach of the CBA is a claim the parties agreed to arbitrate.
Furthermore, the text of the CBA is unclear as to what constitutes an interruption. Would being understaffed, as plaintiffs allege, be an emergency under the CBA? And if interrupted, could plaintiffs count that as one of their two interrupted breaks and take an uninterrupted break later? These questions go to the heart of what the parties intended when entering into the CBA. Because this FLSA claim is predicated on a breach-of-contract claim that also warrants interpretation of the CBA, the parties’ arbitration agreement should be honored and the issue resolved by an arbitrator.
As the claims before us require in my view an interpretation of the CBA before proceeding to the alleged FLSA violations, and CBA interpretations require arbitration here, I respectfully dissent.